# ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT VINCENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 108-067 |
| | ) | |
| AMERICAN HONDA MOTOR CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on two motions for attorneys' fees filed by Plaintiff. (Doc. nos. 134, 165). Defendant American Honda Motor Co., Inc. ("Defendant") opposes both fee requests. (Doc. nos. 146, 175). For the reasons set forth below, the Court **GRANTS IN PART** Plaintiff's requests. Plaintiff shall recover from Defendant a total of **$10,663.95**.

## I.  BACKGROUND

### A.    Factual and Procedural Background

Before addressing the merits of Plaintiffs' motions, a brief factual and procedural history of this case will be helpful. Plaintiff suffered injuries in an automobile accident that occurred when the 1999 Honda Accord in which he was a passenger rolled over as it left the roadway. (Doc. no. 1, pp. 5-6). Plaintiff proceeded to file suit, alleging that the accident was the result of Defendant's failure to equip the car with electronic stability control ("ESC"), or

vehicle stability assist ("VSA"), systems.[1]  On April 9, 2009, Plaintiff served Defendant with interrogatories, which Defendant refused to answer on the ground that they had been served less than 30 days before the close of discovery, and thus Defendant contended it was not required to respond. (See doc. no. 93, pp. 6-8). Defendant also objected to responding to several requests for production ("RFPs") served in October 2008 on various grounds, arguing that (1) the requests were overly broad, vague, and ambiguous, (2) the requested documents were either irrelevant or privileged, and (3) production of the documents would be unduly burdensome. (See id. at 13-26).

Accordingly, Plaintiff filed a motion to compel Defendant's responses to the interrogatories and disputed RFPs. (See doc. no. 80). In its Order of June 17, 2009, this Court granted in part and denied in part Plaintiff's motion to compel. (See doc. no. 121). Specifically, the undersigned stated that under Loc. R. 26.1(d)(i), which governs the deadlines for written discovery,[2] "parties simply must serve their discovery requests within the time period" prescribed by a scheduling order. (Id. at 8). They do not have to serve their requests more than 30 days prior to the close of discovery so that the responses may be served within that time period. (See id.). As Plaintiff had timely served his interrogatories under the Local Rules, the Court found that Defendant was required to respond to them. (Id.). In addition, out

---

[1]Plaintiff's original complaint also stated claims regarding defective roof structure and seat belt design, but Plaintiff has since elected not to pursue those claims. (See doc. no. 81, p. 2). Accordingly, Gerald Jones Volkswagen and Takata Corporation were dismissed as defendants from this action. (See doc. no. 111). Plaintiff's original complaint also named as defendants six other businesses associated with Defendant. However, Defendant agreed to stand in the place of these other businesses, who were accordingly dismissed from this action. (See doc. no. 18). Therefore, the only remaining Defendant in this action is Defendant American Honda Motor, Inc.

[2]Loc. R. 26.1(d)(i) also sets the deadlines for completing depositions.

2

of the 12 disputed RFPs, the Court overruled the majority of Defendant's objections and ordered Defendant to respond in full to 10 of the RFPs and to respond to another RFP in part, to the extent it requested information pertaining to Plaintiff's ESC/VSA claim. (Id. at 16).

Pursuant to Loc. R. 72.2,[3] Defendant filed objections to these rulings with the Honorable Dudley H. Bowen, Jr., United States District Judge, contending that the undersigned's ruling regarding the interrogatories and RFPs was clearly erroneous and contrary to law. (See doc. no. 133, pp. 7-24). In an Order dated August 6, 2009, Judge Bowen affirmed the undersigned's ruling regarding the interrogatories and RFPs. (See doc. no. 161). Judge Bowen re-iterated that under Loc. R. 26.1(d)(i), parties must simply serve their discovery requests within the time period prescribed by the Scheduling Order, and thus found that Plaintiff's interrogatories were timely served. (Id. at 7-8). As to the RFPs, Judge Bowen found that the Federal Rules required Defendant to produce the requested information and that the undersigned's ruling was otherwise correct. (Id. at 13-14). Accordingly, Judge Bowen ordered Defendant to respond to Plaintiff's interrogatories and the disputed RFPs pursuant to the terms set forth in June 17th Order. (Id. at 14).

**B.     Arguments Regarding Attorney's Fees and Expenses**

In the June 17th Order, Plaintiff's counsel was directed to file a request for attorney's fees and expenses, and Defendant was given 15 days to respond to that request. (Doc. no. 121, p. 16). Plaintiff's counsel submitted his request, in which he seeks to recover from Defendant the sum of $15,842.45 for fees and expenses incurred in relation to the motion to compel.

---

[3]Loc. R. 72.2 allows for a Magistrate Judge to determine "any pre-trial matter," subject to limited exceptions. However, "[a]ny party may serve and file objections to a Magistrate Judge's determination made under this rule within ten (10) days after being served with a copy of the Magistrate Judge's order." Loc. R. 72.2.

(Doc. no. 134, Ex. A, p. 4) ("Royal Aff."). Specifically, Plaintiff's counsel requests $13,953.50 for 47.3 hours of work billed at a rate of $295.00 per hour, as well as $1,656.25 for 13.25 hours of work by his paralegal at the rate of $125.00 per hour. (Royal Aff., p. 7). Plaintiff's counsel also requests $232.70 for the expense incurred in setting up the telephone conference with the undersigned on June 12, 2009. (Id. at 4). Defendant asserts several challenges to this request, first arguing that fees are not appropriate because its objections to Plaintiff's discovery requests were substantially justified. (Doc. no. 146, p. 3). In the alternative, Defendant argues that the fees requested by Plaintiff's counsel should be reduced because (1) his hourly rate and the hourly rate of his paralegal, Ms. Deborah Gattis, are unreasonable, (2) Plaintiff's counsel has impermissibly engaged in "block billing" and "duplicative billing," which do not provide sufficient detail to determine whether the fees are justified, and (3) the request is redundant and vague. (Id. at 9-10). Defendant further argues that Plaintiff's counsel should not be able to request fees for the time spent preparing his request for fees and supporting affidavit. (Id. at 11-12).

Following Judge Bowen's ruling, Plaintiff's counsel submitted a supplemental request for attorney's fees based on the work performed in responding to the objections filed by Defendant, requesting yet another $9,395.75 in attorney's fees. (Doc. no. 165). Thus, in total, Plaintiff's counsel seeks to recover $25,238.20 from Defendant. In its response to this second request, Defendant argues that Plaintiff's counsel may not recover fees incurred in responding to the objections filed with Judge Bowen, and Defendant re-iterates its argument that Plaintiff's counsel should not recover fees for the time spent preparing his request for fees and supporting affidavits. (See generally doc. no. 175). With that background in mind, the Court turns to the merits of the instant motions.

4

## II.  DISCUSSION

**A.      An Award of Fees is Appropriate**

Fed. R. Civ. P. 37(a)(5)(C) provides that if a motion to compel is granted in part and denied in part, "the court may, . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." As an award of fees is discretionary with the Court under this provision, the Court considers Defendant's argument that an award of fees and expenses is not appropriate because its objections to Plaintiff's interrogatories and RFPs were substantially justified. The Supreme Court has stated that objections to discovery requests are "substantially justified" under Rule 37 if there is a "genuine dispute . . . or if reasonable people could differ as to the [appropriateness of the contested action]." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations omitted) (alterations in original); see also Devaney v. Cont'l Am. Ins. Co., 989 F.2d 1154, 1163 (11th Cir. 1993) (citing Pierce, 487 U.S. at 565).

As to the disputed interrogatories, the Court notes that Defendant relied on several opinions from the Tenth Circuit Court of Appeals and two district courts from Nevada and Mississippi in support of its position that it was not required to answer discovery requests served with less than 30 days left in the discovery period. (See doc. no. 93, pp. 6-7). In its appeal to Judge Bowen, Defendant also cited two opinions from district courts in Florida in support of its position. (See doc. no. 133, pp. 7-8). Of course, the opinions from the Tenth Circuit and the district courts are not binding in the Eleventh Circuit. Moreover, the two opinions from the Florida district courts cited local rules that are worded differently from this Court's Loc. R. 26.1(d)(i), which states, in pertinent part, as follows: "Unless otherwise stated in the Scheduling Order . . . , the parties shall serve all written discovery on opposing parties . . . within 140 days of the filing of the last answer of the defendants named in the original

5

complaint." Loc. R. 26.1(d)(i). As noted in the undersigned's June 17th Order and Judge

Bowen's August 6th Order, the meaning of Loc. R. 26.1(d)(i) is clear: parties simply must

serve their discovery requests within the time period set by the Scheduling Order. They do not

have to serve their requests more than 30 days prior to the close of discovery so that the

responses may be served within that time period. (See doc. no. 121, p. 8; doc. no. 161, pp. 7-

8).[4]  For these reasons, the Court determines that Defendant's position with respect to the

interrogatories was not substantially justified, and therefore the Court will consider those fees

incurred by Plaintiff's counsel in attempting to secure Defendant's responses to the

interrogatories in calculating the fee award.

The Court reaches the same conclusion with respect to the RFPs, as the case law is

clear as to the issues raised by Defendant and the types of objections that must be made to

discovery requests. The undersigned found that nearly all of Plaintiff's RFPs were relevant

to his case and that Defendant had failed to make the necessary particularized showing that the

requests were overly broad and unduly burdensome. (Doc. no. 121, pp. 13-16). Moreover,

the remainder of Defendant's objections were the type of "boilerplate" objections generally

---

[4]The Court also notes that Defendant's response and sur-reply to Plaintiff's motion to
compel were submitted by attorneys Charles K. Reed and Christopher C. Spencer. (See doc.
no. 93, p. 27; doc. no. 114, p. 4). In addition, Defendant's objections to the undersigned's June
17th Order were submitted by Mr. Reed and Mr. Spencer, as well as Ms. Jill C. Kuhn and Mr.
Suneel C. Gupta. (See doc. no. 133, p. 25). Mr. Reed is a member of the bar of the Southern
District of Georgia, and Mr. Spencer, Ms. Kuhn, and Mr. Gupta were all granted permission
to appear *pro hac vice* in this case. (See doc. nos. 41, 46, 61). When Mr. Reed was sworn in
as a member of this Court's bar, he swore that he had read and was familiar with the Local
Rules of this Court. In addition, Mr. Spencer, Ms. Kuhn, and Mr. Gupta all certified in their
applications for admission *pro hac vice* that they "[had] read, [were] familiar with, and [would]
comply with the Local Rules of the Southern District of Georgia." (Doc. nos. 40, 42, 60). As
discussed in detail above, the position these attorneys have taken with respect to the
interrogatories is contrary to the clear meaning of Loc. R. 26.1(d)(i), which according to the
oaths and applications noted above, they had read, were familiar with, and would follow.

found to be insufficient. (Id.). Notably, as was the case regarding the interrogatories, Judge

Bowen also agreed with the undersigned's assessment of Defendant's position and ordered

Defendant to respond to nearly all of the disputed RFPs pursuant to the terms set forth in the

June 17th Order. (Doc. no. 161, p. 14). For these reasons, the Court rejects Defendant's

argument that its position with respect to the disputed RFPs was substantially justified, and

therefore the Court will also consider those fees incurred by Plaintiff's counsel in attempting

to secure Defendant's responses to the RFPs in its calculation of the fee award.

Defendant further contends that Plaintiff's counsel should not be able to recover fees

for the time spent preparing his request for fees and supporting affidavits. As the basis for this

argument, Defendant cites the case of Addington v. Mid-American Lines, 77 F.R.D. 750 (D.C.

Mo. 1978), in which the court held that an attorney was not entitled to fees incurred for time

spent preparing his request for attorney's fees, because they could not "fairly be considered as

'expenses incurred in obtaining the order (compelling discovery)'" under Rule 37(a). Id. at

751. However, since Addington, other courts have held that attorneys should be able to

recover "all expenses, whenever incurred, that would not have been sustained had the opponent

conducted itself properly." Aerwey Labs., Inc. v. Arco Polymers, Inc., 90 F.R.D. 563, 555-56

(D.C. Ill. 1981); see also Comiskey v. JFTJ Corp., 989 F.2d 1007, 1012 (8th Cir. 1993)

(citations omitted) (fees awarded for Rule 37(b) violation). The Court is persuaded by this line

of reasoning that Plaintiff's counsel should be able to recover the fees incurred in obtaining an

award of fees and expenses from Defendant. Defendant's actions necessitated the motion to

compel, and the undersigned and Judge Bowen found in Plaintiff's favor as to the

interrogatories and nearly all of the RFPs. Furthermore, Plaintiff's counsel was specifically

directed to submit a request for fees and expenses in the June 17th Order. (See doc. no. 121,

7

p. 16). Accordingly, the Court will consider the fees charged in relation to the time Plaintiff's counsel has spent obtaining an award of attorney's fees in calculating the fee award.

For the same reasons, the Court finds that the fees associated with responding to Defendant's objections to the June 17th Order should also be considered in calculating the fee award. Plaintiff's counsel persuasively argues that had he not responded to Defendant's objections, Judge Bowen would have only heard "one side of the story." (Doc. no. 178, p. 2). Thus, in order to defend his position, Plaintiff had to respond to the arguments Defendant made to Judge Bowen. While Defendant argues that it should not be penalized for exercising its right under the Local Rules to object to the June 17th Order (see doc. no. 175, p. 3; see also Loc. R. 72.2), the Court finds this argument unpersuasive. In filing its objections, Defendant took the risk that Judge Bowen would affirm the undersigned's ruling with respect to the motion to compel. Furthermore, it would not be reasonable for Defendant to expect that Plaintiff would not respond to the objections, given the volume and nature of the documents at stake. Accordingly, Defendant took the risk when it filed its objections that it would be responsible for the attorney's fees and expenses if Judge Bowen found the objections to be without merit. Judge Bowen ruled adversely to Defendant, and the Court will not deny Plaintiff's counsel the fees he incurred in responding to Defendant's objections to the June 17th Order. As aptly stated by another court,

> When the trial court has imposed sanctions for failure to comply with discovery and the order is appealed, as a general rule attorney's fees should be awarded where the discovery order is upheld. Failure to award attorney's fees in such instances would substantially diminish the value of the award made in the trial court and thus frustrate the purpose of Fed. R. Civ. P. 37.

Mickwee v. Hsu, 753 F.2d 770, 770 (9th Cir. 1985) (*per curiam*) (citation omitted); see also Tamari v. Bache & Co. (Lebanon) S.A.L., 729 F.2d 469, 475 (7th Cir. 1984) (citation omitted)

8

(noting that in the context of Rule 37(b) sanctions, "an award of appellate expenses may be proper when a party has been forced to defend a district court's discovery order on appeal"). Accordingly, the Court will consider the fees incurred in responding to Defendant's objections to the June 17th Order in its calculation of the fee award.

**B.    Reasonable Hourly Rate**

Although an award of fees is appropriate, the hourly rate for Plaintiff's counsel exceeds the market rate here in Augusta. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The goal of the analysis is to replicate the rates that would prevail in the legal marketplace." Columbus Mills, Inc. v. Freeland, 918 F.2d 1575, 1580 (11th Cir. 1990). In making this determination, the "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of South Ala., 911 F.2d 604, 610 (11th Cir. 1990). In addition, the Court may consult its own experience. Norman, 836 F.2d at 1303. Also of note, the party seeking attorney's fees bears the burden of establishing that the rate requested is reasonable. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (*per curiam*).

As noted above, Plaintiff's counsel has billed his client at the rate of $295.00 and has attempted to establish the reasonableness of this hourly rate by submitting the affidavit of Wilbur D. Owens, III, an attorney practicing in Savannah, Georgia. (Doc. no. 165, Ex. B). In his affidavit, Mr. Owens avers that $295.00 per hour is a reasonable hourly rate for Plaintiff's counsel. (Id. at 3). While the Court does not impugn the judgment of Mr. Owens, it notes that Mr. Owens admits that he does not have a practice in Augusta. (Id. at 1-2). Therefore, the Court concludes, based on its own knowledge and experience, that the Augusta

9

legal market would not bear the rate of $295.00 per hour and that a fee of $250.00 per hour is a more reasonable hourly rate for the work performed by Plaintiff's counsel.[5]

As to the fees associated with the work of Ms. Gattis, the paralegal employed by Plaintiff's counsel, the Court notes that such fees may be awarded "to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). Here, Defendant does not challenge the inclusion of the paralegal's work *per se*, but it does object to her billing rate of $125.00 per hour as excessive.[6] Notably, Plaintiff's counsel submits nothing to establish that this rate is reasonable or that the Augusta legal market would bear such billing. Rather, based on its own knowledge and experience, the Court finds that a fee of $100.00 per hour to be a more reasonable hourly rate for the work performed by Ms. Gattis.

**C.    Hours Reasonably Expended and Billing Judgment**

The Court next turns to the reasonableness of the hours expended by Plaintiff's counsel. While exercising proper "billing judgment," attorneys must exclude those hours that would be unreasonable to bill a client or an adversary without reference to skill, reputation or experience. Norman, 836 F.2d at 1301. The Court must deduct from the calculation unnecessary or redundant hours. See id. at 1301-02; Duckworth v. Whisenant, 97 F.3d 1393, 1398 (11th Cir. 1996). Because the reduction of hours claimed requires a district court's precision, the law in

---

[5]The Court has previously approved $250.00 per hour as a reasonable billing rate in the Augusta legal market. See Salazar v. Milton Ruben Chevrolet, Inc., CV 106-195, doc. no. 86 (S.D. Ga. Mar. 6, 2009); Matthews, Wilson & Matthews, Inc. v. Capital City Bank, CV 306-095, doc. no. 145 (S.D. Ga. Aug. 9, 2007).

[6]Defendant also objects that Plaintiff's counsel and Ms. Gattis improperly billed for the same work performed. (Doc. no. 146, pp. 10-11). This objection is addressed below in determining the reasonableness of the hours expended and counsel's billing judgment.

10

the Eleventh Circuit commands proof that litigating hours and corresponding objections be voiced with a similar exactitude. Norman, 836 F.2d at 1301. However, the Norman Court left to the discretion of the district court the decision of whether to prune hours. Columbus Mills, Inc., 918 F.2d at 1580. Specifically, when a court is faced with claims for hours or fee rates which seem excessive, the law in this circuit is:

> The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value . . . . Therefore, where the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience.

Norman, 836 F.2d at 1303 (citations omitted).

In addressing the reasonableness of the hours expended by counsel, the Court begins by noting that, as discussed in detail in Part II.A above, the fees incurred by Plaintiff's counsel in attempting to secure Defendant's responses to Plaintiff's interrogatories and RFPs will be considered in calculating the fee award because Defendant's position with respect to these disputed discovery requests was not substantially justified. That said, the Court also notes that Plaintiff's counsel states that he spent approximately one hour seeking Defendant's response to RFP 17, which the Court determined was not relevant. (See doc. no. 134, p. 5). Accordingly, the Court will not include this hour in calculating the award of attorney's fees.[7]

Next, the Court turns to Defendant's general objections to the billing practices of Plaintiff's counsel. Defendant first contends that the majority of the time entries submitted by

---

[7]Plaintiff's counsel further asserts that he did not spend any time seeking the documents requested by RFP 22 that the Court found to be irrelevant because he had previously abandoned the claims relating to those documents. Defendant has not disputed this assertion, and accordingly, the partial ruling in Defendant's favor as to RFP 22 does not affect the Court's calculation of the fee award.

Plaintiff's counsel are improper for two reasons: block billing and duplicative billing. The April 24, 2009 time entry provides a good example of both practices, reading as follows: "E-mail to Mr. Carter re: AHM's failure to provide responsive documents; telephone conference with Mr. Carter; continued to review documents produced by AHM to determine what has not been produced." (Royal Aff., p. 5). The column next to this time entry reads: "KLR [Plaintiff's counsel] 2.5 hours" and "DSG [the paralegal] 3.0 hours." (Id.). In using block billing, Plaintiff's counsel has listed multiple tasks in a single entry without specifying how much time was spent on each task or explaining which portions of the "block" were specifically related to the motion to compel. The practice of block billing is repeated in several entries in the billing records submitted with both motions for attorney's fees. (See doc. no. 134, Royal Aff., entries dated 4/21/09, 4/22/09, 4/24/09, 4/27/09, 4/29/09, 4/30/09, 5/2/09, 5/13/09, 5/14/09, 6/5/09, 6/8/09, 6/17/09; doc. no. 165, Royal Aff., entries dated 7/27/09, 7/31/09, 8/12/09). As to the use of duplicative billing by Plaintiff's counsel, this type of record keeping does not allow for delineation of who performed which tasks or how much time each person spent on each task. This practice is repeated 5 times in the billing records submitted in support of the first motion. (See doc. no. 134, Royal Aff., entries dated 4/22/09, 4/24/09, 5/13/09, 6/5/09, 6/12/09).

Defendant further contends that Plaintiff's counsel has submitted fees for time spent reviewing documents that would have been reviewed independent of the motion to compel. Specifically, Defendant points out that Plaintiff's counsel has requested fees for time spent reviewing documents produced by Defendant to verify what had or had not been produced. (Doc. no. 146, p. 11; see also doc. no. 134, Royal Aff., entries dated 4/21/09, 4/22/09, 4/24/09, 5/13/09, 6/5/09). Plaintiff's counsel is not entitled to recover fees for the work he would have

12

performed anyway. Indeed, the Court is persuaded that "[w]hile such review may have been tangentially related to the [motion to compel, Plaintiff's counsel] most likely would have performed this work irrespective of the instant dispute." Mosaid Techs. Inc. v. Samsung Elecs. Co., 224 F.R.D. 595, 598 (D.N.J. 2004) (citation omitted).

The Eleventh Circuit has stated that requests for fees must be "set out with sufficient particularity so that [the Court] can assess the time claimed for each activity." Norman, 836 F.2d at 1303 (citing Hensley v. Eckerhart, 461 U.S. 424, 437 n.12 (1983)). Furthermore, courts retain the discretion to include or exclude hours in calculating fee awards where time entries are vague or imprecise. See Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1196 (11th Cir. 2002) (noting that where time entries were vague and imprecise, courts may use their discretion in determining whether those hours should be included in the fee award); see also Am. Charities for Reasonable Fundraising Regulation, Inc., 278 F. Supp. 2d 1301, 1318 (M.D. Fla. 2003) (discounting time entries where the description of the work performed was overly vague).

Here, the use of block billing and duplicative billing, as well as the excessive entries noted above, demonstrate an overall imprecision and a lack of particularity in the billing records submitted by Plaintiff's counsel, which makes it difficult for the Court to discern how Plaintiff's counsel and Ms. Gattis spent their time. Accordingly, for lack of precision and particularity in his billing records, the fees requested by Plaintiff's counsel in both motions have been reduced by 50%.[8,9] See Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423,

---

[8]The amount of fees recoverable for the work of Plaintiff's counsel as requested in the first motion for attorney's fees is $5,787.50, calculated based on 46.3 hours of work at the rate of $250.00 per hour, and reduced by 50%. The amount of fees recoverable for the work of Plaintiff's counsel as requested in the second motion for attorney's fees is $3,981.25,

429 (11th Cir. 1999) (reducing attorney's fees for block billing and other "imprecision" in

billing records); <u>Zokaites v. 3236 NE 5th St., Inc.</u>, No. 07-60670-CIV, 2009 WL 259593, at

*6-9 (S.D. Fla. Feb. 4, 2009) (reducing attorney fee award by 25% for lack of particularity and

imprecision in billing records); <u>see also</u> <u>Von Clark v. Butler</u>, 916 F.2d 255, 259-60 (5th Cir.

1990) (approving of reduction in attorney fee award by more than 80% for vague time entries

and inadequate proof of how attorney's time was spent); <u>Powell v. Cobe Labs., Inc.</u>, 208 F.3d

227 (10th Cir. 2000) (Table) (approving of reduction in attorney fee award by 75% for

inadequate and insufficiently detailed time records); <u>Black v. Lojac Enters., Inc.</u>, 117 F.3d

1420 (6th Cir. 1997) (Table) (approving of reduction in attorney fee award by more than 85%

for vague time entries).

**D.     Expenses**

Finally, Plaintiff's counsel has requested to be reimbursed in the amount of $232.70

for the expense incurred in setting up the telephone conference with the Court on June 12,

2009. (<u>See</u> doc. no. 134, Royal Aff., p. 7). Rule 37(a)(5)(C) allows for the apportionment of

reasonable expenses incurred in relation to the motion to compel. The Court finds that the

expense incurred in setting up the telephone conference with the Court is reasonable, and thus

Plaintiff's counsel may recover this sum as well.

---

calculated based on 31.85 hours of work at the rate of $250.00 per hour, and reduced by 50%.
Thus, the total amount recoverable in fees for the work of Plaintiff's counsel is $9,768.75.

[9]The total amount of fees recoverable for the work performed by the paralegal
employed by Plaintiff's counsel is $662.50, calculated based on 13.25 hours of work at the rate
of $100.00 per hour, and reduced by 50%.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's motions for attorney's fees are **GRANTED IN PART**.  (Doc. nos. 134, 165).  Thus, Plaintiff shall recover from Defendant a total award of **$10,663.95**.[10]  Defendant shall have fifteen (15) days from the date of this Order to pay the awarded amount.

SO ORDERED this 4th day of November, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[10]The specific calculations forming the basis of this total fee award are explained in footnotes 8 and 9 above.

15