IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTT VINCENT | |
| Plaintiff, | CIVIL ACTION NO. |
| v. | CV 108-67 |
| AMERICAN HONDA MOTOR CO., INC. | |
| Defendant. | |

**ORDER**

**IT IS ORDERED** that counsel for the parties are directed to confer and submit to the Court a joint and consolidated request for jury instructions as to the issues of <u>substantive</u> law to be raised at the trial.

As an aid to counsel, the Court has considered the case preliminarily and forwards herewith portions of its expected jury instructions as to the usual, uncontroverted matters, which are normally encountered in a case of this type. In submitting proposed or requested instructions, it is not necessary to duplicate or request the Court's standard instructions which are included herewith. Those instructions will be included in every case. Confine your requested instructions to the substantive and damages portion of the charge that differ from, modify or add to any substantive and

damages charges included herewith.

Counsel shall make every effort to agree upon the substantive charge and shall comply with the instructions. The language of the consolidated charge request shall be an impartial, concise, clear, and uncomplicated statement of the law. Separate submissions may be submitted in those areas wherein counsel cannot, in good faith, agree. Counsel shall submit, however, precise legal precedent supporting objections to an opponent's proposed jury charge.

The above captioned case will be called for pretrial conference at a date later to be set. The consolidated request shall be completed and shall be filed in the office of the Clerk on or before January 25, 2011. The joint request shall be signed by counsel for each party.

**ORDER ENTERED** at Augusta, Georgia, this _____ day of December, 2010.

DUDLEY H. BOWEN, JR.
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT VINCENT | * | |
| | * | |
| Plaintiff, | * | CIVIL ACTION NO. |
| | * | CV 108-67 |
| v. | * | |
| | * | |
| AMERICAN HONDA MOTOR CO., INC. | * | |
| | * | |
| Defendant. | * | |

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

## Consideration Of The Evidence
## Duty To Follow Instructions

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

**Credibility Of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

## Impeachment Of Witnesses
## Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**Expert Witnesses**

The rules of evidence provide that if scientific, technical or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, is permitted to state an opinion concerning such matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. You should consider each expert opinion received in evidence in this case and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, then you may disregard the opinion entirely.

Expert testimony figures prominently in this case. These witnesses may have impressive qualifications. Nevertheless, their testimony and the weight of such evidence should be judged by you taking into consideration all of the factors which I have already mentioned concerning the credibility or believability of witnesses generally.

With regard to my instructions on expert testimony, bear in

mind that much in the area of automotive engineering is not within the common knowledge or experience of jurors or lay persons, but is rather within the special knowledge of experts in the field of automotive engineering. In considering all matters relating to the occurrence in question, your deliberations must be confined to the evidence, and you should carefully weigh and consider the engineering evidence. You should not go outside the evidence in your deliberations, and you should not take into account experiences which you have had, or matters about which you have read elsewhere on automotive issues, for such matters are not in evidence in this case.

## Burden Of Proof
### (When Only Plaintiff Has Burden Of Proof)

In this case it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence." This is sometimes called the "burden of proof."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

## DIRECTIONS TO COUNSEL CONCERNING PREPARATION
## OF PROPOSED INSTRUCTIONS

PREPARE FOR THE INSERTION HERE OF YOUR PROPOSED INSTRUCTIONS CONCERNING THE CLAIMS AND DEFENSES, SPECIAL ISSUES AND DAMAGES IN THE FOLLOWING FORMAT AND SEQUENCE, IF SUCH INSTRUCTIONS ARE NOT ALREADY INCLUDED HEREIN:

(a) Description of the Plaintiff's claim(s), followed by

   (1) Enumeration of the essential elements of the claim(s).

   (2) Definition of key terms used in enumerating the elements of the claim(s); and other special instructions, if any, necessary to further explain or qualify the claim(s).

(b) Description of the Defendant's defense(s) and counterclaim(s), if any, followed by

   (1) Enumeration of the essential elements of the defense(s) and counterclaim(s), if any.

   (2) Definition of key terms used in enumerating the essential elements of the defense(s) and counterclaims; and other special instructions, if any, necessary to further explain or qualify the defense(s) and/or the counterclaim(s).

(c) Enumeration of Plaintiff's recoverable elements of damage and explanation, as appropriate, of each element.

**Note:** In submitting your proposed or requested instructions it is **not necessary** to duplicate or request the Court's standard instructions which precede and follow this page. Those instructions will be given in every case. Confine your package of requested instructions to those prepared in accordance with the directions given on this page.

**Strict Liability in Tort; General Explanation and Burden of Proof**

The Plaintiff, Scott Vincent, contends that he was injured because of a defective 1999 Honda Accord Coupe manufactured by the Defendant, American Honda Motor Co., Inc.

The manufacturer of a product that is sold as new property may be liable or responsible to any person who is injured because of a defect in the product that existed at the time the manufacturer sold the product. However, a manufacturer of a product is not an insurer, and the fact that a product may cause an injury does not necessarily make the manufacturer liable. To recover damages under this rule, a person injured by an allegedly defective product must establish the following three elements by a preponderance of the evidence:

   **1) the product was defective,**

   **2) the defect existed at the time the product left the manufacturer's control,**

   <u>and</u>

   **3) the defect in the product was the proximate cause of the Plaintiff's injury.**

The type of product defect alleged by the Plaintiff is a design defect. There is no single general way to define what constitutes a defect in a product. Whether or not a product is defective is a question of fact to be determined by you, the jury, according to the evidence in the case and based on the instruction

that I give you on the law.

A product may be found to be defective because of its particular design. Although a manufacturer is not required to ensure that a product design is incapable of producing injury, the manufacturer has a duty to exercise reasonable care in choosing the design for a product.

To determine whether a product suffers from a design defect, you must balance the inherent risk of harm in a product design against the utility or benefits of that product design. You must decide whether the manufacturer acted reasonably in choosing a particular design by considering all relevant evidence, including the following factors:

1) the usefulness of the product;

2) the severity of the danger posed by the design;

3) the likelihood of that danger;

4) the avoidability of the danger, considering the user's knowledge of the product, publicity surrounding the danger, the effectiveness of warnings, and common knowledge or the expectation of danger;

5) the user's ability to avoid the danger;

6) the technology available when the product was manufactured;

7) the ability to eliminate the danger without impairing the product's usefulness or making it too expensive.

8) the feasibility of spreading any increased costs through the product's price or by purchasing insurance;

9) the appearance and aesthetic attractiveness of the product;

10) the product's utility for multiple uses;

11) the convenience and durability of the product;

12) alternative designs for the product available to the manufacturer; and

13) the manufacturer's compliance with industry standards or government regulations.

If you decide that the risk of harm in the product's design outweighs the utility of that particular design, then the manufacturer exposed the consumer to greater risk of danger than the manufacturer should have in using that product design, and the product is defective. If after balancing the risks and utility of the product, you find by a preponderance of the evidence that the product suffered from a design defect, then the Plaintiff is entitled to recover.

In determining whether a product was defective, you may consider evidence of alternative designs that would have made the product safer and could have prevented or minimized the Plaintiff's injury. In determining the reasonableness of the manufacturer's choice of product design, you should consider

1) the availability of an alternative design at the time the manufacturer designed this product;

2) the level of safety from an alternative design compared to the actual design;

3) the feasibility of an alternative design, considering the market and technology at the time the product was designed;

4) the economic feasibility of an alternative design;

5) the effect an alternative design would have on the product's appearance and utility for multiple purposes; and

  6) any adverse effects on the manufacturer or the product from using an alternative design.

  In determining whether a product was defective, you may consider proof of a manufacturer's compliance with federal or state safety standards or regulations and industry-wide customs, practices, or design standards.  Compliance with such standards or regulations is a factor to consider in deciding whether the product design selected was reasonable considering the feasible choices of which the manufacturer knew or should have known.  However, a product may comply with such standards or regulations and still contain a design defect.

  If you find by a preponderance of the evidence that the product was defective when it left the control of the manufacturer and that the Plaintiff's injury was proximately caused by that defect, then you would return a verdict for the Plaintiff, unless the plaintiff is denied recovery under some other principle of law given to you in these charges.

  If after considering all the evidence, you do not believe by a preponderance of the evidence that the product by which Plaintiff claims to have been injured was defective when it left the manufacturer's control or that the product was the proximate cause of the Plaintiff's injury, then you would end your deliberations; the Plaintiff would not be entitled to recover, and you would return a verdict for the Defendant.

## Damages; Preliminary Instructions

If the evidence establishes a defect in the Defendant's product that was a legal cause of damage to the Plaintiff, you should award the Plaintiff an amount of money that will fairly and adequately compensate the Plaintiff for such damage.  Damages are given as pay or compensation for injury done.

In considering the issues of the Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less.  Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury-tangible and intangible.  Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced.  In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the

13

extent you find them proved by a preponderance of the evidence, and no others:

    (a) Medical and hospital expenses, past and future;

    (b) Mental or physical pain and anguish, past and future;

    (c) Net lost wages and benefits to the date of trial;

    (d) Net lost wages and benefits in the future [reduced to present value].

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages–that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of a business or employment opportunity that was reasonably available under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

## Pain and Suffering

Pain and suffering is a legal item of damages. No evidence of the value of pain and suffering has been or need be introduced. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long Scott Vincent suffered are for you to decide. Pain and suffering includes mental suffering, but mental suffering is not a legal item of damage unless there is physical suffering also.

## Duty To Deliberate

### (When Only The Plaintiff Claims Damages)

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## Election Of Foreperson

## Explanation Of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.