IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTT VINCENT, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| vs. | ) CIVIL ACTION No: |
| | ) CV108 067 |
| AMERICAN HONDA MOTOR CO., | ) |
| INC. | ) |
| | ) |
| DEFENDANT. | ) |

<u>MEMORANDUM OF AUTHORITIES REGARDING QUESTIONS OF LAW LIKELY TO ARISE AT TRIAL</u>

AMERICAN HONDA MOTOR CO., INC. ("AHM"), pursuant to paragraph 18 of the Joint Consolidated Proposed Pretrial Order, submits its Memorandum of Authorities Regarding Questions of Law Likely to Arise at Trial.

DISCUSSION

This memorandum discusses two legal issues that likely will be addressed at trial.

**(1) Plaintiff Should Be Precluded From Offering Testimony and Defect Theories That Were Not Properly Disclosed Or Otherwise Pursued During Discovery.**

The plaintiff may attempt to introduce testimony and defect theories that were never disclosed or otherwise pursued during discovery. For example, the plaintiff may attempt to introduce expert testimony that the subject 1999 Honda Accord Coupe is defective because it does not have Electronic Stability Control. Mr. Allen's testimony regarding Electronic Stability Control has been excluded. (Order of July 1, 2010, Doc. No. 226.) Although the Court has not

yet addressed the admissibility of Mr. Gilbert's testimony, Mr. Gilbert has already testified, in deposition, that he is not going to opine that the Accord was defective:

> Q. I don't see any opinion in here that this vehicle is defective because it doesn't have ESC. So I assume that you are not going to express that opinion?
>
> A. That's right.
>
> . . .
>
> Q. Because I don't see anywhere in your report the conclusion that the 1999 Honda Accord that Ms. Vincent was driving is defective in any way, shape, or form or unreasonably dangerous in any way, shape, or form, I take it you are not going to express any such opinions at trial?
>
> A. Right, yeah, I mentioned that.

Gilbert Dep. 93-94, 97-98.

Similarly, the plaintiff may try to argue other "defects" that he cannot support. For example, in the pretrial order the plaintiff's counsel wrote, "When the Honda overturned, its roof crushed. The crush of the roof broke Scott Vincent's neck. As a result, Scott Vincent is almost totally paralyzed." (*See* Joint Consolidated Proposed Pretrial Order; § 8.) This statement suggests that the plaintiff is going to argue at trial that the roof was defective because it was damaged in the crash and "broke Scott Vincent's neck." Although the complaint indicated that Mr. Vincent would make such a claim, he never previously pursued it and never disclosed any experts who could support it. Indeed, he formally abandoned any defect claims regarding the roof. (*See* Doc. 81 at 2; Doc. 121 at 2.)

Such expert testimony and defect theories that were not disclosed cannot be admitted. Federal Rule of Civil Procedure 26(a)(2) required a party to disclose "a complete statement of all opinions the (expert) witness will express and the basis and reasons for them." Under Federal Rule of Civil Procedure 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to

supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The rule is "self-executing"; exclusion of undisclosed information is automatic, and there is no need for a motion to compel disclosure as a predicate to the sanction. *1st Source Bank v. First Resource Fed. Credit Union*, 167 F.R.D. 61, 64 (N.D. Ind. 1996).

Although the plaintiff might argue that pursuing such theories and testimony is harmless, in fact, it would cause AHM severe and undue harm. "A party's misconduct is harmless if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Stallworth v. E.Z. Serve Convenience Stores*, 199 F.R.D. 366, 369 (M.D. Ala. 2001). This connotation of the term "harmless" is derived from the Committee Note to the 1993 amendments to Rule 37(c), which offers as examples of "harmless" violations of Rule 26(a), the inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party. *See Burney v. Rheem Mfg. Co.*, 196 F.R.D. 659, 692 (M.D. Ala. 2000). The eleventh hour identification of new expert opinions and defect theories do not meet this definition of "harmless."

Meanwhile, based on the testimony that has been timely disclosed, the plaintiff cannot meet his burden of proof under Georgia law. To maintain a product liability claim, Mr. Vincent must prove (1) that the vehicle, at the time it was sold, "was not merchantable and reasonably suited to the use intended"; and (2) that the alleged defect caused the injury. O.G.C.A. § 51-1-11 (2010).

Georgia courts evaluate the reasonableness of a product's design under the risk-utility test. *Banks v. ICI Americas, Inc.*, 450 S.E.2d 671, 674 (Ga. 1994). The risk-utility test is a "balancing test whereby the risks inherent in a product design are weighed against the utility or benefit derived from the product." *Id.* at 673. In other words, the plaintiff must prove that the

3

design chosen was not "a reasonable one from among the feasible choices of which the manufacturer was aware or should have been aware." *Id.* at 674.

Factors relevant to the determination of whether the manufacturer's design choice was unreasonable include:

> The usefulness of the product; the gravity and severity of the danger posed by the design; the likelihood of that danger; the avoidability of the danger, i.e. the user's knowledge of the product, publicity surrounding the danger, or the efficacy of warnings, as well as common knowledge and the expectation of danger and the user's ability to avoid danger; the state of the art at the time the product is manufactured; the manufacturer's ability to eliminate the danger without impairing the product's usefulness or making it too expensive, and the feasibility of spreading the loss in the price or by purchasing insurance.

*Dean v. Toyota Indus. Equip. Mfg., Inc.*, 540 S.E. 2d 233, 237 (Ga. Ct. App. 2000).

A manufacturer is not required to design an accident proof vehicle. *See, e.g., Doyle v. Volkswagenwerk Aktiengelellschaft, et al.*, 114 F.3d 1134, 1135 (11th Cir. 1997) ("[T]here is no duty to design an accident-proof vehicle."); *Higginbotham v. Ford Motor Co.*, 540 F.2d 762, 770 (5th Cir. 1976) ("An automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle . . ."). Nor is a manufacturer always required to adopt the safest possible design. Rather, a manufacturer is simply required to weigh the risks and benefits of various features and make a reasonable choice. *See Banks*, 450 S.E.2d at 674.

With respect to any roof and no-ESC claims, the only disclosed evidence on which the plaintiff can rely is the fact that a crash and an injury occurred. This is insufficient as a matter of law.

### (2) The Testimony Of Plaintiff's Liability Experts Is Insufficient.

The plaintiff is going to offer the testimony of experts R. Wade Allen and Micky Gilbert. Mr. Allen's testimony has already been the subject of a *Daubert* hearing, while Mr. Gilbert's testimony has not.

4

At trial, AHM intends to demonstrate to the Court that all or portions of each expert's testimony will not pass muster under Rule 702 and *Daubert*. Because the law regarding the admissibility of expert testimony under Rule 702 and *Daubert* is set forth in AHM's previous and extensive briefing regarding Mr. Allen, AHM will not be repeat it here. Nevertheless, AHM intends to rely on such law in seeking to exclude some or all of each expert's testimony.

This 15th day of February, 2011.

        MCKENNA LONG & ALDRIDGE LLP

        /s/ Charles K. Reed
        Charles K. Reed, Esq.
        Georgia Bar No.: 597597
        Jill C. Kuhn, Esq.
        Georgia Bar No.: 648990
        Suneel C. Gupta, Esq.
        Georgia Bar No.: 067798

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)

Christopher C. Spencer, Esq.
VSB No. 21878
O'Hagan Spencer LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
(804) 285-5220 (telephone)
cspencer@ohaganspencer.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011 a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record addressed to:

>James E. Carter, Esq.
>Hurt, Stolz & Cromwell
>Post Office Box 22129
>Savannah, Georgia 31403
>
>Kenneth L. Royal, Esq.
>Royal & Vaughan, PC
>Post Office Box 14664
>Savannah, Georgia 31416
>
>Charles C. Stebbins, III, Esq.
>Warlick, Tritt, Stebbins & Murray, LLP
>Post Office Box 1495
>Augusta, Georgia 30903

>/s/ Charles K. Reed
>Charles K. Reed