IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT VINCENT, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION No: |
| | ) | CV108 067 |
| AMERICAN HONDA MOTOR CO., | ) | |
| INC. | ) | |
| | ) | |
| DEFENDANT. | ) | |

## AMERICAN HONDA MOTOR CO., INC.'S REQUESTED JURY CHARGES

Comes now Defendant American Honda Motor Co., Inc. ("Honda") and submit its proposed jury charges as to liability and damages in this action.

Honda reserves the right to request modification of these instructions, particularly in order to be consistent with the Court's rulings and the evidence at trial.

Respectfully submitted,

/s/ Charles K. Reed
Charles K. Reed, Esq.
Georgia Bar No. 597597
Jill C. Kuhn, Esq.
Georgia Bar No. 648990
Suneel C. Gupta, Esq.
Georgia Bar No. 452203
McKenna Long & Aldridge LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
creed@mckennalong.com

Christopher C. Spencer, Esq.
VSB No. 21878
O'Hagan Spencer LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
Tel: (804) 285-5220
cspencer@ohaganspencer.com


Attorneys for American Honda Motor Co., Inc.

**Requested Charge No. 1 - Design Defect; Safest Possible Vehicle**

A manufacturer does not have a duty to manufacture the safest possible vehicle. A vehicle is not defective because it fails to incorporate every conceivable safety device.

Firestone Tire & Rubber Co. v. King, 145 Ga. App. 840 (1978);
Hunt v. Harley Davidson Motor Co., 147 Ga. App. 44, 46 (1978);
Long Mfg. Co. v. Grady Tractor Co., 140 Ga. App. 320, 321, 231 S.E.2d 105 (1976).

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

**Requested Charge No. 2 - Negligence**

In this case the Plaintiff also claims that Honda was negligent and that such negligence was a legal cause of damage sustained by the Plaintiff.  Specifically, the Plaintiff alleges that Honda was negligence in its design of the handling and stability systems for the 1999 Honda Accord Coupe.

In order to prevail on this claim the Plaintiff must prove both of the following facts by a preponderance of the evidence:

First:          That the Defendant was "negligent;" and

Second:      That such negligence was a "legal cause" of damage sustained by the Plaintiff.

"Negligence" is the failure to use reasonable care.  Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiff's claim, then your verdict should be for the Defendant.  If, however, a preponderance of the evidence does support the Plaintiff's claim, you will then consider the defense(s) raised by the Defendant.

[COMPARATIVE NEGLIGENCE DEFENSE REMOVED]

11th Cir. P., no. 1.1, p. 363 (as modified)

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

**Requested Charge No. 3 - Proximate Cause**

Even if you find the existence of a defect or negligence by Honda, you still must find that the defect or Honda's negligence was the proximate cause of the Plaintiff's damage. If there was no causal connection between a defect or negligence and the injury sued for, or some other factor was the sole proximate cause of the damage, then your verdict must be for Honda.

Firestone Tire & Rubber Co. v. Pinyan, 155 Ga. App. 343, 350, 270 S.E.2d 883 (1980)
Jacobs Pharmacy Co. v. Gipson, 116 Ga. App. 760, 762, 159 S.E.2d 171 (1967)

**GIVEN**        _____
**DENIED**       _____
**MODIFIED**     _____

### Requested Charge No. 4 - Percentage of Fault

If you determine that the individual or combined actions of Candice Vincent (the driver of the 1999 Accord Coupe) and the "phantom driver" were a proximate cause of the Plaintiff's injuries, you shall consider the fault of each, even though neither was named as a party to the suit. If you find that the individual or combined actions of Candice Vincent and the "phantom driver" were a proximate cause of the accident and injuries to the Plaintiff, in a verdict form that I will explain in a moment, you will be asked to state the percentage of fault of each.

O.C.G.A. § 51-12-33(c), as modified
O.C.G.A. § 51-1-11
McNeely v. Harrison, 138 Ga. App. 310, 313-14, 226 S.E.2d 112, 114-15 (1976).

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

**Requested Charge No.  5 – Amount of Award**

If you should find that the Plaintiff is entitled to a verdict, in fixing the amount of your award you may not include in, or add to an otherwise just award, any sum for the purpose of punishing Honda, or to serve as an example or warning for others.  Nor may you include in your award any sum for court costs or attorney's fees.

<u>Federal Jury Practice and Instructions</u>, Devitt, Blackmar and Wolff, § 128.80

**GIVEN**        _____
**DENIED**       _____
**MODIFIED**     _____

**Requested Charge No.  6 - Tort Damages; Earnings; Average Annual Earnings**

By taking into consideration the factors as to earning capacity and work life expectancy, as authorized by the evidence, and applying them to this Plaintiff's life, you should determine what the average annual loss of future earnings probably would have been.

Georgia Suggested Pattern Charge No. 66.203 (as modified)

**GIVEN**     _____
**DENIED**    _____
**MODIFIED**  _____

**Requested Charge No. 7  - Effect Of Income Taxes, Recovery Of Take-Home Pay**

Under the law, any award made to the Plaintiff in this case for past or future lost earnings is not subject to federal or state income tax. Therefore, in computing the amount of any damages that you may find the Plaintiff is entitled to recover for lost earnings, the Plaintiff is entitled to recover only the net, after-tax income. In other words, the Plaintiff is entitled to recover only "take-home pay" that you find the Plaintiff has lost in the past, or will lose in the future.

11th Cir. P., no. 4.1, p. 455

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

**Requested Charge No. 8 - Attorneys Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of the Plaintiff's damages.

11th Cir. P., no. 6.1, p. 459 (bracketed portion omitted)

**GIVEN**      _____
**DENIED**     _____
**MODIFIED**   _____

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011 a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record addressed to:

> James E. Carter, Esq.
> Hurt, Stolz & Cromwell
> Post Office Box 22129
> Savannah, Georgia 31403
>
> Kenneth L. Royal, Esq.
> Royal & Vaughan, PC
> Post Office Box 14664
> Savannah, Georgia 31416
>
> Charles C. Stebbins, III, Esq.
> Warlick, Tritt, Stebbins & Murray, LLP
> Post Office Box 1495
> Augusta, Georgia 30903

> _/s/ Charles K. Reed_____
> Charles K. Reed