IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTT VINCENT, | ) |
| PLAINTIFF, | ) |
| vs. | ) CIVIL ACTION No: |
| | ) CV108 067 |
| AMERICAN HONDA MOTOR CO., INC. | ) |
| DEFENDANT. | ) |

## CONSOLIDATED REQUEST FOR REQUESTED JURY CHARGES

Come now Plaintiff Scott Vincent and Defendant American Honda Motor Co., Inc. ("Honda") and submit their proposed jury charges as to liability and damages in this action.

The parties reserve the right to request modification of these instructions, particularly in order to be consistent with the Court's rulings and the evidence at trial.

**I.    STANDARD INSTRUCTIONS**

The parties request that the Court give its Preliminary Instructions Before Trial and its Basic Instructions from the Eleventh Circuit Pattern Jury Instructions (Civil Cases) 2005, as applicable to this case with a corporate party[1].

**II.   CASE SPECIFIC INSTRUCTIONS**

The parties request that the Court give the following specific instructions for the case. Requested pattern charges from the Eleventh Circuit Pattern Jury Instructions (Civil Cases)

---

[1] See Proposed revision to the Court's Charge No. 1 at p.4 infra.

2005 are identified by number, title and page number. Requested pattern charges from the Suggested Pattern Jury Instructions, Volume I, Civil Cases, Fifth Edition, by the Council of Superior Court Judges of Georgia are identified by number, title and page number.

Respectfully submitted and consented to,

/s/ Kenneth L. Royal
James E. Carter, Esq.
Georgia Bar No.: 114400
James E. Carter and Associates LLC
400 E. President St.
Savannah, Georgia 31401
Tel: (912) 236-7200
jcarter@carterfirm.net

Kenneth L. Royal, Esq.
Georgia Bar No.: 617415
Royal & Vaughan, PC
Post Office Box 14664
Savannah, Georgia 31416
Tel: (912) 351-0084
ken@royalandvaughan.com

Charles C. Stebbins, III, Esq.
Georgia Bar No.: 677350
Warlick, Tritt, Stebbins & Murray LLP
Post Office Box 1495
Augusta, Georgia 30903
Tel: (706) 722-7543
cstebbins@wtshlaw.com

Attorneys for Plaintiff Scott Vincent

-3-

/s/ Charles K. Reed
Charles K. Reed, Esq.
Georgia Bar No. 597597
Jill C. Kuhn, Esq.
Georgia Bar No. 648990
Suneel C. Gupta, Esq.
Georgia Bar No. 452203
McKenna Long & Aldridge LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, Georgia 30308
Tel: (404) 527-4000
creed@mckennalong.com

Christopher C. Spencer, Esq.
VSB No. 21878
O'Hagan Spencer LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
Tel: (804) 285-5220
cspencer@ohaganspencer.com


Attorneys for American Honda Motor Co., Inc.

**Proposed Revision to the Court's Charge No. 1**
**Consideration of the Evidence**
**Duty to Follow Instructions**

(From 11th Circuit, p. 46, No. 2.2)

The parties request that the Court instead use 11th Circuit No. 2.2 (p.7) instead of 11th Circuit 2.1 that appears on p.4 of its Order (Doc. 235). Alternatively, the parties request that the Court insert the below paragraph regarding corporate defendants into the charge from p.4 of its Order between the first and second paragraphs. The only difference between 2.2 and 2.1 is that 2.2 adds the following paragraph:

"The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company."

GIVEN      _____
DENIED     _____
MODIFIED   _____

-5-

## Charge No. 2 – Deposition Testimony

During the trial of this case, certain testimony has been presented to you by way of deposition, consisting of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath or on a video recording played on a television set. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, in so far as possible, in the same way as if the witness had been present, and had testified from the witness stand.

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

3 Devitt, Blackmar & Wolff, Federal Jury Practice and Instructions, § 73.02. (4th ed. 1987).

-6-

### Charge No. 3 - Proximate Cause; Definition

Proximate cause is that which, in the natural and continuous sequence, unbroken by other causes, produces an event, and without which the event would not have occurred. Proximate cause is that which is nearest in the order of responsible causes, as distinguished from remote, that which stands last in causation, not necessarily in time or place, but in causal relation.

Ga. Suggested Pattern Charge No. 60.200
O.C.G.A. §§ 51-12-3; 51-12-8; 51-12-9

**GIVEN**    _____
**DENIED**   _____
**MODIFIED** _____

-7-

## Charge No. 4 - Tort Damages; Earnings, Past; Loss of

Loss of earnings from the time of the alleged injury to the time of trial is a legal item of damages, and the amount that may be recovered is the value of the earnings that the evidence shows with reasonable certainty the Plaintiff has lost as a result of the injury. You may consider what the Plaintiff was making at the time of the injury, what was made since the injury, the amount customarily paid in the locality for the kind of work the Plaintiff does, and similar matters. There must be some evidence before you as to the Plaintiff's loss.

Ga. Suggested Pattern Charge No. 66.100
Atlantic Coastline Railroad Co. v. McDonald, 103 Ga. App. 328, 332 (1961)
Nashville, etc., Railway Co. v. Miller, 120 Ga. 453 (1904)
Western, etc., Railroad Co. v. Sellers, 15 Ga. App. 369 (1914)
Camilla Cotton Oil, etc., Co. v. Walker, 21 Ga. App. 603 (1918); and other decisions following notes for "capacity to labor," "charge," "earning capacity," and "customary wages" following O.C.G.A. §51-12-4

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

### Charge No. 5 - Tort Damages; Earnings; Loss of Future Earnings

If you find that the Plaintiff's earnings will be permanently reduced or destroyed, lost future earnings—just like lost past earnings— are to be determined on the basis of the earnings that the Plaintiff will lose, and there must be some evidence before you as to the amount of such earnings.

In considering the evidence, you should take into consideration that old age generally reduces the capacity to labor and earn money.

You may also take into consideration the proposition that the ability of the Plaintiff to earn money could have increased during some later periods of the plaintiff's life, if it is authorized by the evidence.

You would also consider the life expectancy of the plaintiff.

Ga. Suggested Pattern Charge No. 66.201
Florida, etc., R.R. Co. v. Burney, 98 Ga. 1 (1894)
A-1 Bonding Service, Inc. v. Hunter, 125 Ga. App. 173, 180 (1971)
Standard Oil Co. v. Reagan, 15 Ga. App. 571, 595 (1915)


**GIVEN**        _____
**DENIED**       _____
**MODIFIED**     _____

### Charge No. 6 - Mortality Tables - Actuarial Evidence, Life Expectancy In General

If a preponderance of the evidence shows that the Plaintiff has been permanently injured, you may consider the Plaintiff's life expectancy. The mortality tables received in evidence may be considered in determining how long the claimant may be expected to live. Bear in mind, however, that life expectancy as shown by mortality tables is merely an estimate of the average remaining life of all persons in the United States of a given age and sex having average health and ordinary exposure to danger of persons in that group. So, such tables are not binding on you but may be considered together with the other evidence in the case bearing on the Plaintiff's own health, age, occupation and physical condition, before and after the injury, in determining the probable length of the Plaintiff's life.

11th Cir. P., no. 3.1, p. 451

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____

### Charge No. 7 - Mortality Tables - Actuarial Evidence, Work Life Expectancy

When considering life expectancy in determining future damages, you should bear in mind, of course, the distinction between entire life expectancy and work life expectancy, and those elements of damage related to future income [or future support] should be measured only by the Plaintiff's remaining work life expectancy.

11th Cir. P., no. 3.2, p. 452

**GIVEN** _____
**DENIED** _____
**MODIFIED** _____