IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| SCOTT VINCENT, | ) | |
| | ) | |
|     THE PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION No: |
| | ) | CV108 067 |
| AMERICAN HONDA MOTOR CO., | ) | |
| INC., | ) | |
| | ) | |
|     DEFENDANT. | ) | |

### DEFENDANT AMERICAN HONDA MOTOR CO., INC.'S OMNIBUS MOTION TO EXCLUDE AND MOTION *IN LIMINE*

AMERICAN HONDA MOTOR CO., INC. ("AHM"), pursuant to the Court's Order dated December 14, 2010 (Doc. No. 234), respectfully submits this Omnibus Motion *in limine*.

### INTRODUCTION

AHM requests a pretrial ruling excluding certain evidence and further moves *in limine* before the voir dire examination of the jury panel has begun, before any opening statements are made to the jury, and before the introduction of any evidence, for an order instructing the plaintiff and all of the plaintiff's witnesses to refrain from making any mention through interrogation, voir dire examination, opening statement, arguments, presentation of evidence or otherwise, either directly or indirectly, concerning any of the matters hereinafter set forth, without first approaching the bench and obtaining a ruling from the Court outside the presence and hearing of all prospective jurors and the jurors ultimately selected to try this case. These matters are as follows:

**1.**

**TO EXCLUDE ALLEGED DEFECTS NOT PREVIOUSLY LISTED IN COMPLAINT OR DISCOVERY RESPONSES OR SUPPORTED BY EXPERT TESTIMONY**

AHM moves to exclude any reference or argument through evidence or testimony as to any alleged defects that have not been previously pled in the plaintiff's Complaint, disclosed in response to AHM's discovery requests, or disclosed through expert testimony.

The only allegations that the plaintiff pursued against AHM involve the subject 1999 Honda Accord Coupe's roll stiffness distribution and lack of Electronic Stability Control. The plaintiff should be precluded from making reference or argument through evidence or testimony to any claims, other than these, as such claims or alleged defects were not pursued by the plaintiff through discovery and are not supported by expert testimony.

For example, although the plaintiff alleged roof structure and seat belt defects in his Complaint, he did not pursue either defect claim and, as the Court recognized, has abandoned the claims. (Doc. No. 121 at p. 2 and Doc. No. 81 at p. 2.)

Nevertheless, despite abandoning his roof crush claim, the plaintiff included in his Outline of the Case in the Pretrial Order: "When the Honda overturned, its roof crushed. The crush of the roof broke Scott's neck." (Doc. No. 246 at p. 5.) The plaintiff contends that such a statement is "fact" which informs the jury of how the plaintiff was injured. (*Id.* at p. 5-6.) Such a claim, even though stated by the plaintiff as "fact," is disputed by AHM, is not subject to proof by the plaintiff and is highly prejudicial to AHM.

To be sure, the plaintiff will not present any evidence to show that a defect in the roof caused the plaintiff's injury – the plaintiff's experts do not hold that opinion, and the plaintiff chose not to pursue the claim. If the plaintiff had pursued the claim, AHM would have defended against it by putting forth its own evidence that the plaintiff received his injury *before* the roof

was compressed in the crash. Simply put, it is not a "fact" that the plaintiff was injured because the roof crushed.

Moreover, it is black letter law that a manufacturer is not required to produce an accident-proof vehicle, and the mere happening of an event and injury does not prove the existence of a defect. *See, e.g., Doyle v. Volkswagenwerk Aktiengelellshaft, et al.*, 114 F.3d 1134, 1135 (11th Cir. 1997)("[T]here is no duty to design an accident-proof vehicle."); *Higginbotham v. Ford Motor Co.*, 540 F.2d 762, 770 (5th Cir. 1976)("An automobile manufacturer is under no duty to design an accident-proof or fool-proof vehicle…."). Here, AHM does not dispute that the plaintiff was injured in the crash, but it certainly disputes that the Accord Coupe's design proximately caused the plaintiff's injury. The plaintiff chose to pursue a handling and stability claim only, and the plaintiff's attempt to have the jury infer a defect in the roof structure with no supporting evidence must not be permitted.

For these reasons, an order specifically directing the plaintiff, his counsel and his experts not to make a statement such as the "crush of the roof broke Scott's neck" is necessary. The plaintiff, his counsel and his witnesses also should be directed not to mention or argue that any other alleged defect caused the accident or the plaintiff's injury.

Agreed_____          Granted _____          Denied _____

**2.**

**TO LIMIT THE PLAINTIFF'S EXPERTS
TO THE OPINIONS STATED IN THEIR DEPOSITIONS**

Discovery is closed and the depositions of the plaintiff's experts have been taken. It is too late, and in fact constitutes unfair surprise, for the plaintiff's experts to give different or additional opinions than those contained in their respective depositions. Any opinions not provided by the plaintiff's experts in their reports, in deposition or prior to the close of expert

discovery will amount to nothing short of "trial by ambush" and unduly prejudice AHM.

  Agreed_____   Granted _____   Denied _____

**3.**

**TO EXCLUDE OTHER UNRELATED ALLEGED DEFECTS OR RECALLS**

  AHM moves to exclude any evidence or argument criticizing or alleging defects in other Honda vehicles, including recall campaigns and government communications regarding other vehicles. The evidence should be limited to this product and the Electronic Stability Control and roll stiffness distribution defects pursued in this lawsuit.

  Evidence, testimony or argument about defects not pursued in this case or recalls of this product or other Honda products is not proper. Evidence of this nature improperly asks the jury to infer the existence of a defect under the facts of this case based upon the recall of some unrelated product concern. Fed. R. Evid. 401 and 407.

  Agreed_____   Granted _____   Denied _____

**4.**

**TO EXCLUDE OTHER ACCIDENTS, INCIDENTS, CLAIMS, COMPLAINTS OR LAWSUITS**

  AHM moves to exclude any reference to any prior or subsequent accidents, incidents, claims, complaints or lawsuits involving Honda vehicles, including claims and complaints involving lack of Electronic Stability Control in Honda vehicles. During the deposition of AHM's Fed. R. Civ. P. 30(b)(6) witness, Theodore Klaus, the plaintiff elicited testimony from Mr. Klaus regarding other cases against AHM in which a the plaintiff alleged a lack of Electronic Stability Control as the cause of a crash. Mr. Klaus identified three other cases: Jurkanski, Lane and Nouriani. According to Mr. Klaus' testimony, Jurkanski and Nouriani both involve Honda Pilot Sport Utility Vehicles. Lane involved a 2000 model year Accord Coupe.

(T. Klaus Depo. at pp. 41-44 and 208.) The plaintiff has not offered admissible evidence, through expert testimony or otherwise, to prove that Lane, Jurkanski or Nouriani, or any other incident, is substantially similar to the Vincent wreck.

Therefore, AHM moves to exclude any reference to or evidence, testimony, or argument concerning any other accidents, incidents, complaints, and lawsuits involving Honda vehicles, whether the other vehicles are similar to the 1999 Accord Coupe or not.

AHM makes this motion on the following grounds:

(1)  The plaintiff cannot prove substantial similarity; therefore, details of other accidents, incidents, actions, and claims are irrelevant and immaterial to the issues in this case (Fed. R. Evid. 402); and

(2)  Any probative value of evidence of details of other accidents, incidents, actions, and claims may have is substantially outweighed by the prejudice, confusion, and prolongation of the trial that their admission into evidence would cause (Fed. R. Evid. 403).

*This Motion is supported by a separate memorandum.*

Agreed_____        Granted _____        Denied _____

**5.**

**TO PROHIBIT THE PLAINTIFF'S COUNSEL FROM USING DEPOSITION TESTIMONY NOT DESIGNATED ON THE PRETRIAL ORDER**

AHM moves for an order to exclude an attempt by the plaintiff to play portions of videotaped deposition testimony or read portions of deposition testimony of any witness. The Pretrial Order required the plaintiff to "list all witnesses whose testimony by deposition will or may be offered by each party and the specific deposition pages and lines to be offered." (Doc. 246 at ¶ 17 (emphasis added)). Requiring the parties to designate specific deposition testimony

5

allows the parties to raise objections to one another's designations and to "confer to eliminate all extraneous, redundant, and unnecessary matter, lapses, and colloquy between counsel in the deposition excerpts." *(Id.)*

The plaintiff did no more than state: "The plaintiff may offer all or a portion of the deposition testimony of any person whose deposition has been taken in this case." *(Id.)* The Pretrial Order requires specificity from the plaintiff, and the plaintiff has prevented AHM from counter-designating testimony or objecting to the plaintiff's designations. Because the plaintiff failed to comply with the Pretrial Order, permitting the plaintiff to play videotaped depositions or read deposition testimony from any witness should not be permitted.

Agreed_____          Granted _____          Denied _____

## 6.

### TO EXCLUDE LAY OPINION TESTIMONY REGARDING DEFECTS

AHM moves the Court to exclude all lay witness opinion testimony, including testimony regarding the existence of a defect in the Vincent Accord Coupe, the cause of the crash, or the cause of the plaintiff's injuries. Any such testimony would constitute an improper lay witness opinion. Fed. R. Evid. 701.

Agreed_____          Granted _____          Denied _____

## 7.

### TO EXCLUDE CERTAIN OPINIONS BY TREATING PHYSICIANS

AHM moves to exclude any testimony from any of the plaintiff's treating physicians regarding the cause of the plaintiff's injuries or any similar opinion testimony that was not properly disclosed. The plaintiff did not properly disclose any treating physician as an expert witness. Rather, the plaintiff's expert disclosure (Doc. No. 32) improperly includes a "catch-all"

that any of Mr. Vincent's dozens of treating physicians may offer testimony regarding the cause of Mr. Vincent's injuries. In addition, in the event that the plaintiff intends to elicit any such opinion testimony, the plaintiff has failed to comply with Fed. R. Civ. P. 26(a)(2)(C), which requires the plaintiff to file a summary expert report for a treating physician 90 days prior to trial.

If a treating physician is not properly disclosed as an expert witness, the Federal Rules are clear that the physician cannot testify beyond her treatment of the plaintiff (e.g., treating physicians cannot offer opinions regarding causation). Therefore, AHM moves for an Order excluding improper expert opinion testimony from any treating physician.

*This Motion is supported by a separate memorandum.*

Agreed_____          Granted _____          Denied _____

## 8.

### TO PROHIBIT REFERENCE TO ALLEGED DISCOVERY DISPUTES, REQUESTS TO PRODUCE AND/OR REFERENCES TO THE DISCOVERY PROCESS (IN THIS ACTION OR ANY OTHER)

There have been a few discovery disputes between the parties during pretrial proceedings in this case. The existence and resolution of such disputes is not relevant to any of the plaintiff's claims. They merely deal with the methods the parties used to obtain the evidence. The evidence obtained, if any, may or may not be relevant and admissible; the process of acquiring evidence is not. Any allegation by the plaintiff or the plaintiff's counsel that AHM has in any way engaged in misconduct in this or any other case in the discovery phase is improper because all discovery issues are a matter for the Court, and any mention of discovery or objections to discovery is irrelevant and unfairly prejudicial. Fed. R. Evid. 402.

Likewise, discovery orders from this and other cases have no relevance to the issues that the jury will decide. These orders have no tendency to make any fact that is material to this action more or less probable than it would be otherwise.

In addition, AHM moves this Court to exclude any mention that AHM has claimed any privilege or has refused to produce any documents based upon privilege. Such references are not proper evidence and would serve merely to prejudice the jury. As such, any reference to privileged materials is inadmissible.

This motion *in limine* also specifically includes reading to the jury discovery objections or claims of privilege made by AHM in response to written discovery. These references are not admissible because such disputes are not of consequence to the determination of the issues in this case.

Agreed_____     Granted _____     Denied _____

## 9.

### TO EXCLUDE REFERENCE TO DESTRUCTION OF DOCUMENTS

AHM moves to exclude any reference to conspiracy claims, "cover up" theories, or spoliation of documents, including any suggestion that AHM has destroyed documents, engaged in fraudulent, deceitful, or criminal conduct, or is withholding or hiding any documents, and any comment or suggestion on the lack of any document that the plaintiff believes should exist. Fed. R. Evid. 402.

Agreed_____     Granted _____     Denied _____

## 10.

### TO EXCLUDE EVIDENCE, TESTIMONY, OR ARGUMENT CONCERNING AHM'S STATE OF MIND OR KNOWLEDGE AND EXCLUDING ALLEGED "DOCUMENT HISTORIANS" FOR LACK OF FOUNDATION

AHM moves to exclude testimony by individuals who have never worked at AHM, such as the plaintiff's experts, but who attempt to interpret AHM documents as evidence of AHM's "state of mind." AHM also moves *in limine* to exclude the plaintiff's expert witnesses from testifying about the meaning or contents of AHM documents that are inadmissible or have not

been admitted into evidence, or that can be understood by the jury without expert assistance. This includes questions from the plaintiff's lawyers to AHM witnesses or experts inquiring, for example, "Did AHM know…?" or "Was AHM aware…?" or similar questions, rather than making inquiry as to the knowledge of specific individuals at AHM.

AHM makes this motion on the following grounds: (1) such testimony would be mere speculation and not within the personal knowledge of the plaintiff's witnesses, and (2) the admission of such testimony would violate Fed. R. Civ. P. 26, Fed. R. Evid. 703 and *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), because the plaintiff's witnesses have no scientific, technical, or other specialized knowledge about AHM, its decision-making process, or its employees, and thus are not qualified to express an expert opinion about AHM's knowledge or intent; (3) testimony about documents that are not admissible or have not been admitted into evidence violates Fed. R. Evid. 1001-1008, the "best evidence" rules; (4) the probative value, if any, of such testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and by considerations of undue delay. Fed. R. Evid. 403; and (5) such testimony is clearly hearsay. Fed. R. Evid. 802 and 805.

Agreed_____        Granted _____        Denied _____

**11.**

**TO EXCLUDE TESTIMONY OR ARGUMENT CONCERNING THE ABSENCE
OR IDENTITY OF AHM'S CORPORATE REPRESENTATIVE**

AHM moves to exclude any reference to the fact that AHM may not have a representative at trial at any particular time or to AHM's choice of its corporate representative as not being the appropriate person to respond to the plaintiff's allegations. The presence of a corporate representative at trial is non-evidentiary. It has no bearing upon any issue to be decided by the jury. It asks the jury to infer liability from something unrelated to the product's

design.  Any commentary on the presence or absence of a corporate representative would be intended to allow the jury to disobey the Court's instructions and decide the case not solely upon the evidence presented.

     Agreed_____        Granted _____        Denied _____

## 12.

### TO PROHIBIT STATEMENTS REGARDING "CONSUMER SAFETY" AS A PURPOSE OF THIS SUIT

AHM moves to exclude any evidence, testimony, or argument by the plaintiff that the purpose of this suit is "consumer safety."  In this lawsuit, the plaintiff is seeking the recovery of monetary damages.  Any reference, either directly or indirectly, the goal of which is to argue, state, or infer that this case is one brought to establish standards of consumer safety, to enforce consumer safety principles, that the reason for bringing this suit is based on a desire to enhance consumer safety or any similar statement is misleading and irrelevant.

The plaintiff brought this suit to collect money damages and not for injunctive relief on behalf of consumers or for the purpose of establishing consumer safety.  Therefore, announcing or claiming that enhancing consumer safety or enforcing safety standards is the goal of this litigation does not logically, naturally, or by reasonable inference assist the triers of fact in determining any material or disputed fact in this case.

Such "self-serving" pronouncements or references are simply irrelevant and are therefore inadmissible.  Accordingly, these statements would be inflammatory and calculated to prejudice the rights of AHM in an attempt to bias the jury and create sympathy in the plaintiff's favor. Fed. R. Evid. 401.

     Agreed_____        Granted _____       Denied _____

**13.**

**TO EXCLUDE ANY CHARACTERIZATION OF THIS LAWSUIT BY COUNSEL, AND ANY SUCH SIMILAR COMMENT SUGGESTING COUNSEL'S OPINION, PERSONAL HISTORY, OR PERSONAL EXPERIENCE WITH CIVIL OR CRIMINAL LITIGATION**

AHM moves for an order to exclude inflammatory comments by the plaintiff's counsel, such as "This is the worst case I have seen;" "I have never seen anyone, or any company, act so badly;" and any similar comment suggesting counsel's opinion, personal history, or personal experience with civil or criminal litigation. Such "testimony" by the plaintiff's counsel is inappropriate, irrelevant, and unduly prejudicial to AHM. Fed. R. Evid. 401.

Agreed_____        Granted _____        Denied _____

**14.**

**TO PROHIBIT THE PLAINTIFF'S COUNSEL FROM ENCOURAGING THE JURY TO ASSUME FACTS NOT IN EVIDENCE AND TO DRAW IMPERMISSIBLE INFERENCES AGAINST AHM BASED ON THE PLAINTIFF'S COUNSEL'S OPINION THAT CERTAIN DOCUMENTS OR NOTES SHOULD EXIST**

AHM moves for an order precluding the plaintiff's counsel from encouraging the jury to assume facts that are not in evidence and to draw impermissible inferences against AHM from non-existent documents and notes that the plaintiff's counsel thinks should exist but do not. Fed. R. Evid. 401.

Agreed_____        Granted _____        Denied _____

**15.**

**TO EXCLUDE POST-DEVELOPMENT CHANGES IN THE STATE OF THE ART**

This case involves a 6th generation Accord that was designed and developed in the years leading up to its launch in late 1997. AHM anticipates that the plaintiff will introduce evidence or argument of what AHM knew or did *after* that date. The obvious purpose of such evidence or

argument is to try and show that AHM should have acted *before* it launched the 6th generation Accord.  The Court should not allow the plaintiff to make these inferences.

Post-manufacture evidence is inadmissible under Rule 403 due to its prejudicial impact. *See, e.g., Arceneaux v. Texaco, Inc.,* 623 F.2d 924, 928 (5th Cir. 1980) (finding that General Motors' design change to move gas tank away from passenger compartment was found properly excluded under Rules 401 and 402 as change was responsive to new regulations, and focus should be solely whether product is defective in light of "knowledge available both at the time of design and manufacture"); *Bogosian v. Mercedes Benz of N. Am., Inc.*, 104 F.3d 472, 481 (1st Cir. 1997) (where the plaintiff sought to introduce evidence of design changes adopted after manufacture of the vehicle at issue but prior to the accident giving rise to the case, the court found the district court properly excluded the evidence pursuant to Rule 403, holding "any evidence that Mercedes-Benz, in fact, later modified its vehicles risked the danger that jurors would too readily equate subsequent design modifications with admissions of a prior defective design").

AHM respectfully requests that the Court enter an order *in limine* prohibiting the plaintiff, his attorneys, and all witnesses from referring to, commenting on, or otherwise attempting to introduce at trial any evidence related to post-manufacture measures, events, omissions, accidents, incidents, or other conduct. Eleventh Circuit case law renders this information irrelevant, and the Federal Rules of Evidence bar it.

***This Motion is supported by a separate memorandum.***

Agreed_____          Granted _____          Denied _____

**16.**

**TO EXCLUDE TESTIMONY OR EVIDENCE REGARDING MANUFACTURING DEFECT OR FAILURE TO WARN**

In the Complaint and Amended Complaint, the plaintiff includes a manufacturing defect claim. (*See, e.g.*, Count II of Complaint.) The plaintiff has not pursued such a claim and has not developed evidence of a manufacturing defect, however. Nor has the plaintiff mentioned a manufacturing defect in the Pretrial Order. Therefore, the plaintiff, his counsel, and his experts should be precluded from any mention of a manufacturing defect in the Vincent Accord.

In addition, this Court granted summary judgment to AHM on the plaintiff's failure to warn claim, finding that The plaintiff presented no evidence to show that AHM knew the 1999 Accord Coupe was " defectively designed," so as to require a warning, or that a failure to warn proximately caused the accident or the plaintiff's injuries. (Doc. No. 227 at pp. 10-12.) Therefore, the plaintiff, his counsel, and his experts should be precluded from any mention that AHM knew about a safety issue with the Accord Coupe, but failed to communicate its knowledge, or that a lack of warning by AHM proximately caused the crash or the plaintiff's injuries. The plaintiff, his witnesses, his counsel, and his experts should likewise be precluded from any argument or testimony that any behavior would have changed or been different if AHM had included a warning with the Vincent Accord.

Agreed_____        Granted _____        Denied _____

**17.**

**TO EXCLUDE EVIDENCE REGARDING JAPANESE ACCORD**

AHM respectfully requests that the Court enter an order in limine prohibiting the plaintiff, and all witnesses from referring to, commenting on, or otherwise attempting to introduce at trial any evidence related to the so-called Japanese Honda Accord pursuant to Fed.

R. Evid. 402 and 403.

*This motion is supported by a separate memorandum.*

Agreed_____        Granted _____        Denied _____

This 25th day of April, 2011.

                                      MCKENNA LONG & ALDRIDGE LLP

                                      /s/ Charles K. Reed
                                      Charles K. Reed, Esq.
                                      Georgia Bar No.: 597597
                                      Jill C. Kuhn, Esq.
                                      Georgia Bar No.: 648990
                                      Suneel C. Gupta, Esq.
                                      Georgia Bar No. 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)


Christopher C. Spencer, Esq.
VSB No. 21878
O'Hagan Spencer LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
Tel: (804) 285-5220
cspencer@ohaganspencer.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing pleading upon counsel of record by CM/ECF to:

James E. Carter, Esq.
Hurt, Stolz & Cromwell
Post Office Box 22129
Savannah, Georgia 31403

Kenneth L. Royal, Esq.
Royal & Vaughan, PC
Post Office Box 14664
Savannah, Georgia 31416

Charles C. Stebbins, III, Esq.
Warlick, Tritt, Stebbins & Murray, LLP
Post Office Box 1495
Augusta, Georgia 30903

This 25th day of April, 2011.

/s/ Charles K. Reed
Charles K. Reed, Esq.

ATLANTA:5278028.5