IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTT VINCENT, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CIVIL ACTION No: |
| ) | CV108 067 |
| AMERICAN HONDA MOTOR CO., ) | |
| INC. ) | |
| ) | |
| DEFENDANT. ) | |

**AMERICAN HONDA MOTOR CO.'S BRIEF IN SUPPORT OF MOTION *IN LIMINE* NO. 7 TO EXCLUDE CERTAIN OPINIONS BY TREATING PHYSICIANS**

AMERICAN HONDA MOTOR CO., INC. ("AHM"), pursuant to the Court's Order dated December 14, 2010 (Doc. No. 234), respectfully submits this motion in limine to exclude Certain Opinions by Treating Physicians pursuant to Federal Rule of Civil Procedure 26(a)(2) and Federal Rule of Evidence 702.

AHM moves to exclude any testimony from any of the plaintiff's treating physicians regarding the cause of the plaintiff's injuries or any similar opinion testimony that was not properly disclosed. The plaintiff did not properly disclose any treating physician as an expert witness and did not serve an expert report for any treating physician. Rather, the plaintiff's Disclosure of Expert Reports on the Issue of Damages as Provided by Fed. R. Civ. P. Rule 26(a)(2)(B) ("the plaintiff's Damages Disclosure") (Doc. No. 32) improperly includes a "catch-all" that any of the plaintiff's dozens of treating physicians may offer testimony regarding the "cause" of the plaintiff's injuries. (Doc. No. 32 at p. 2.) Such a "catch-all" is not a proper expert disclosure. In addition, the plaintiff failed to serve an expert report detailing the opinion testimony of any treating physician.

Therefore, AHM moves for an Order excluding improper expert opinion testimony from any treating physician.

## ARGUMENT AND CITATION OF AUTHORITY

### A. The Plaintiff May Not Elicit Causation Testimony from Any Treating Physician Because The Plaintiff Did Not Properly Disclose Any Treating Physician As An Expert Witness.

"All witnesses who are to give expert testimony under the Federal Rules of Evidence must be disclosed under Rule 26(a)(2)(A)." *Musser v. Gentiva Health Sys.*, 356 F.3d 751, 756 (7th Cir. 2000). "Rule 26(a)(2)(A)'s disclosure requirement applies to 'any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence,' not merely to those experts who are retained or specially employed to provide expert testimony in the case." *Hamburger v. State Farm Mut. Auto. Insur. Co.*, 361 F.3d 875, 882 fn 4 (5th Cir. 2004). "Unlike the expert report requirement of Rule 26(a)(2)(B), the expert designation requirement of Rule 26(a)(2)(A) applies to *all testifying experts*." *Id.* at 882 (emphasis added).[1]

Under Fed. R. Evid. 702, expert testimony, as opposed to fact witness testimony, is designated as such by its reliance upon "scientific, technical, or other specialized knowledge." The *Musser* Court explained:

> Occurrence witnesses, including those providing "lay opinions," cannot provide opinions "based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 702. Thus, a treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on "scientific, technical or specialized knowledge" *regardless of whether the opinions were formed during the scope of interaction with a party prior to litigation*.

*Musser*, 356 F.3d at 756, fn. 2 (emphasis added). For this reason, "disclosing a person as a witness and disclosing a person as an expert are two distinct acts." *Id.* at 757.

---

[1] 2011 Amendments to Rule 26 now require treating physicians to provide an expert report, even if the physician was not specially retained to provide expert testimony. *See* Fed. R. Civ. P. 26(a)(2)(C). That Rule, however, likely cannot be applied retroactively to this case.

-2-

Here, the plaintiff was required to disclose any treating physician as an expert witness pursuant to Rule 26(a)(2)(A) if the plaintiff intended to offer causation opinion testimony from any physician. The plaintiff did not. Instead, the plaintiff listed a "catch-all" in his expert disclosure that any treating physician may offer causation testimony. That is not what the Rules require.

For example, the plaintiff has been seen by dozens of physicians over the course of the years, and the plaintiff has listed over 22 physicians in the proposed pretrial order alone. The plaintiff's Rule 26(a) catch-all identification did not give AHM any specific indication as to which treating physician, if any, will attempt to offer expert testimony on the issue of injury causation. The Federal Rules of Civil Procedure "demand" formal expert disclosure and must be followed. *Musser*, 356 F.3d at 756; *see In re Air Crash at Charlotte*, 982 F. Supp. 1086, 1091 (D. S.C. 1997)(holding that it would be *unreasonable* for a party to presume that every provider named could fairly be called as an expert; to make such a ruling would place an undue burden on the courts and litigants and lead to an extreme waste of resources).

As the court noted in *Musser*, "formal disclosure of experts is not pointless." 356 F.3d at 757. AHM should not be made to have assumed that each of the dozens of treating physicians could testify as an expert who would render causation opinions. *Id.* The *Musser* court found that the plaintiffs' failure to disclose their experts was prejudicial because, among other reasons, there were countermeasures that the defendants could have taken if the expert was properly disclosed that are not applicable to fact witnesses, such as moving to exclude under *Daubert* and retaining rebuttal experts. *Id.*

Because the plaintiff failed to comply with Rule 26(a)(2)(A) and this Court's Scheduling Order, none of the plaintiff's treating physicians should be permitted to testify beyond the **facts**

regarding their specific treatment of the plaintiff.  *See Aumand v. Dartmouth Hitchcock Medical Ctr.,* 611 F. Supp. 2d 78, 89 (D. N.H. 2009)(excluding treating physicians because not disclosed as experts per Fed. R. Civ. P. 26(a)(2)(A)); *Widhelm v. Wal-Mart Stores, Inc.*, 162 F.R.D. 591, 594 (D. Neb. 1995)(holding that as a result of failure to comply with scheduling order and rules, treating physician not permitted to testify regarding causation and only permitted to testify regarding treatment of the plaintiff).

> **B.    The Plaintiff May Not Elicit Causation Testimony from Any Treating Physician Because None of The Plaintiff's Treating Physicians Served An Expert Report Pursuant to Rule 26(a)(2)(B).**

In the plaintiff's Damages Disclosure, the plaintiff states that he did not obtain Rule 26 reports from any treating physicians because "it is Plaintiff's understanding from the language of Rule 26(a)(2) and the case law …that no such reports are required." (Doc. No. 32 at p. 1.)  Even assuming that the Federal Rules support his position (which they do not), the plaintiff's statement is an oversimplification.  The substance of the expert's testimony, not the status of the expert as a treating physician, controls whether a report is required.  A party cannot avoid the requirements of an expert report by simply indicating the expert is a treating physician. *Schneider v. Hertz Corp.*, 207 U.S. Dist. LEXIS 33294 (M.D. Fla. May 7, 2002); *Kirkham v. Societe Air France*, 236 F.R.D. 9, 13 (D.D.C. 2006) ("[A] treating physician who bases his opinion on the medical records of another physician, not just his own examination of the patient, is required to prepare an expert report because such review indicates he is being retained in connection with the litigation").

In any event, the plaintiff has not served an expert report for any treating physician, and, therefore, the plaintiff's physicians are limited to giving only factual testimony based on their personal treatment of the plaintiff.

This 25th day of April, 2011.

                                                MCKENNA LONG & ALDRIDGE LLP

                                                /s/ Charles K. Reed
                                                Charles K. Reed, Esq.
                                                Georgia Bar No.: 597597
                                                Jill C. Kuhn, Esq.
                                                Georgia Bar No.: 648990
                                                Suneel C. Gupta, Esq.
                                                Georgia Bar No. 452203

303 Peachtree Street
Suite 5300
Atlanta, Georgia 30308
(404)527-4000 (telephone)


Christopher C. Spencer, Esq.
VSB No. 21878
O'Hagan Spencer LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
Tel: (804) 285-5220
cspencer@ohaganspencer.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have this day served a copy of the foregoing pleading upon counsel of record by CM/ECF to:

James E. Carter, Esq.
Hurt, Stolz & Cromwell
Post Office Box 22129
Savannah, Georgia 31403

Kenneth L. Royal, Esq.
Royal & Vaughan, PC
Post Office Box 14664
Savannah, Georgia 31416

Charles C. Stebbins, III, Esq.
Warlick, Tritt, Stebbins & Murray, LLP
Post Office Box 1495
Augusta, Georgia 30903

      This 25th day of April, 2011.

                                        /s/ Charles K. Reed
                                        Charles K. Reed