IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SCOTT VINCENT, | * |
| Plaintiff, | * |
| v. | * CIVIL ACTION NO. |
| | * CV 108-067 |
| AMERICAN HONDA MOTOR CO., INC., | * |
| Defendant. | * |

**ORDER ON PRE-TRIAL CONFERENCE**

Before the Court in the captioned case are motions in limine addressing various evidentiary matters filed by both parties. Upon consideration of the parties briefs and oral argument heard during the pre-trial conference on May 4, 2011, the motions in limine are resolved as follows.

I. **Preface**

At the outset, I note that many of the motions in limine ask that I ministerially apply the Federal Rules of Evidence. That is, each party has asked for a pre-trial ruling on the admissibility of matters that, if offered at trial, would clearly be inadmissible under the law.

Counsel for the parties are expected to adhere to the highest standard of professionalism and ethics in the trial of the case and to be well-versed in the rules of evidence and

the law. As I stated at the pre-trial conference, any injection of clearly inadmissible and prejudicial evidence, argument or comments into the trial of the case may result in a mistrial. Accordingly, to the extent that a motion in limine seeks application of the Federal Rules of Evidence in a customary and obvious way, such motion in limine is moot. If an issue related to a motion in limine mooted herein arises at trial, I will rule upon it at that time.

## II. Plaintiff's Motions in Limine to Strike Defendant's Notices of Apportionment

Plaintiff filed two motions in limine seeking to strike Defendant's notice of apportionment among parties and non-parties in accordance with O.C.G.A. § 51-12-33. As an initial matter, Plaintiff argues that Defendant has not given one hundred and twenty (120) days notice "that a nonparty was wholly or partially at fault" as required by O.C.G.A. § 51-12-33(d)(1).

Defendant filed notice of its intent to assert the fault of Ms. Candice Vincent and the "phantom driver" on February 9, 2011, well before the Court set a date for trial. The Court issued a notice on March 8, 2011, setting the trial date for June 6, 2011, or one hundred and seventeen (117) days after the notice was filed by Defendant. (Doc. No. 249.) Because of counsels' scheduling needs, the Court then moved the date

for trial forward to May 31, 2011, or one hundred and eleven (111) days after Defendant filed its notice. (Doc. No. 251.)

The Court finds that Defendant has substantially complied with the notice requirement of O.C.G.A. § 51-12-33(d)(1). Defendant filed its notices prior to the Court setting a trial date. At the hearing both parties were invited to submit a motion to continue the trial to cure the nine (9) day deficiency, but neither party indicated inclination to do so. Accordingly, the Court declines to deny apportionment of fault among non-parties on the ground that Defendant failed to provide proper notice of its intent to do so.

Plaintiff also argues that the common law doctrine of interspousal tort immunity prevents apportionment of fault to Ms. Candice Vincent. The concern regarding interspousal tort immunity is misplaced. See Barnett v. Farmer, No. A10A1680 2011 WL 816755, at *3 (Ga. Ct. App. Mar. 10, 2011). Plaintiff further argues that the language of O.C.G.A. § 51-12-33(b) prevents apportionment in this case because Plaintiff had not brought suit against "more than one person."

As stated at the hearing, the Court disagrees with Plaintiff and interprets O.C.G.A. § 51-12-33(b) to require apportionment among parties or non-parties, regardless of whether they could be named as a party to the suit. To hold otherwise would contravene legislative intent, the plain language of the statute, and common sense. Furthermore, any

3

constitutional challenge to the statute made by Plaintiff, even if done so improperly, appear to the Court to be addressed by O.C.G.A. § 51-12-33(f).

Upon the foregoing, and in accordance with the Court's comments at the hearing, Plaintiff's motions in limine seeking to strike Defendant's notice of apportionment of fault are hereby **DENIED**.  (Doc. Nos. 247 and 248.)

### III. Defendant's Motion in Limine

Defendant filed an "Omnibus Motion in Limine" that contained seventeen (17) individual motions in limine.  (Doc. No. 265.)  The Court will now rule upon or defer each motion *seriatim* as labeled in Defendant's omnibus motion.

### Motion in Limine #1 - To Exclude Alleged Defects Not Previously Listed in Complaint or Discovery Responses or Supported by Expert Testimony

The Court **DEFERS** ruling on this motion with the admonition that there are two defective product liability claims remaining in this lawsuit.  In particular, the so-called "roof crush claim" is not a viable remaining theory or cause of action.

### Motion in Limine #2 - To Limit the Plaintiff's Experts to the Opinions Stated in their Depositions

As Defendant acknowledged during the hearing, this matter can only be addressed or gauged at trial in the context of the testimony of the expert witnesses.  Accordingly ruling on this

motion is **DEFERRED**.

### Motion in Limine #3 - To Exclude other Unrelated Alleged Defects or Recalls

**GRANTED** without suggestion that the filing of the motion was in any way needful or required.

### Motion in Limine #4 - To Exclude other Accidents, Incidents, Claims, Complaints or Lawsuits

Decision and ruling **DEFERRED** until the trial to determine whether in the context of the flow of evidence there is a need to exclude such evidence.

### Motion in Limine #5 - To Prohibit the Plaintiff's Counsel from Using Deposition Testimony Not Designated on the Pretrial Order

Deposition testimony to be utilized by the Plaintiff in the case in chief must be identified. However, any deposition testimony that may be utilized in impeachment or rebuttal cannot be finally identified at this time. The parties have until May 6, 2011 to designate portions of depositions. The Court will view very narrowly the designation of the entirety of any witnesses' deposition testimony without good cause. In light of this ruling, this motion is considered **MOOT**.

### Motion in Limine #6 - To Exclude Lay Opinion Testimony Regarding Defects

Upon the assurances of Plaintiff's counsel that no such

lay opinion testimony will be offered for technical issues, this motion is **DEFERRED**. Counsel are reminded that proper phrasing of questions during direct examination will likely prevent the need to address this issue further.

### Motion in Limine #7 - To Exclude Certain Opinions by Treating Physicians

Treating physicians are, by their nature, fact witnesses but nonetheless experts, having technical training and experience in their respective fields. Some expert opinion is necessarily developed during the testimony of any treating physician witness and the standard applied there will be somewhat flexible and by no means harshly applied by the Court. The Court also notes that all of the hospital admission summaries, discharges summaries, charts, and files of the physicians themselves have no doubt been developed in discovery and the parties are well aware of the opinion they have offered. Upon the foregoing, decision and ruling is **DEFERRED** until the trial.

### Motion in Limine #8 - To Prohibit Reference to Alleged Discovery Disputes, Requests to Produce and/or References to the Discovery Process (In This Action or Any Other)

As the Court stated during the hearing, this motion is too general and overbroad to grant as presented as it could have unintended consequences with respect to interrogatories or requests for admission. Accordingly this motion is **DENIED**.

However, the Court is confident that the parties understand that any reference in the presence of the jury to discovery disputes, indeed the discovery process in general, would be inappropriate except in the most unusual of circumstances.

**Motion In Limine #9 - To Exclude Reference to Destruction of Documents**

Decision and ruling **DEFERRED** until the trial to determine whether in the context of the flow of evidence there is a need to admit or exclude such evidence.

**Motion in Limine #10 - To Exclude Evidence, Testimony, or Argument Concerning AHM's State of Mind or Knowledge and Excluding Alleged "Document Historians" For Lack of Foundation**

Decision and ruling **DEFERRED** until the trial. The Court notes that the knowledge, intent, or state of mind of Defendant do not appear to be issues in this design defect case.

**Motion in Limine #11 - To Exclude Testimony or Argument Concerning the Absence or Identity of AHM's Corporate Representative**

**GRANTED**. As the Court noted during the hearing, a party is not required to have a corporate representative present in the courtroom during a lawsuit. A corporate party may defend a case without the presence of a company representative. While such matter should not be addressed by counsel, it will

doubtless be noticed by a juror.


**Motion in Limine #12 - To Prohibit Statements Regarding "Consumer Safety" As a Purpose of This Suit**

    **GRANTED.**


**Motion in Limine #13 - To Exclude Any Characterization of this Lawsuit by Counsel, and Any Such Similar Comment Suggesting Counsel's Opinion, Personal History, or Personal Experience with Civil or Criminal Litigation**

    Deemed by the Court to be unnecessary (refer to Section I), but **GRANTED** in principle.


**Motion in Limine #14 - To Prohibit the Plaintiff's Counsel from Encouraging the Jury to Assume Facts Not In Evidence and to Draw Impermissible Inferences Against AHM Based on the Plaintiff's Counsel's Opinion that Certain Documents or Notes Should Exist.**

    **WITHDRAWN** by counsel for the Defendant.


**Motion In Limine #15 - To Exclude Post-Development Changes in the State of the Art**

    Notwithstanding the title of this motion, in its omnibus motion in limine, Defendant requests the Court to prohibit anyone from introducing any evidence related to "**post-manufacture** measures, events, omissions, accidents, incidents, or other conduct." (Doc. No. 265 at 12(emphasis added).) However, in its separate brief on this motion in limine, Defendant requests the Court to prohibit anyone from

introducing any evidence related to "**post-development** changes in the state of the art." (Doc No. 268 at 3(emphasis added).)

In Defendant's same brief, it cites <u>Banks v. ICI Ams., Inc.</u>, 450 S.E.2d 671 (Ga. 1994). As Defendant points out, the <u>Banks</u> court stated:

> We agree with the importance placed on the alternative safer design factor[,] and now hold that in determining whether a product was defectively designed, the trier of fact may consider evidence establishing that <u>at the time the product was manufactured</u>, an alternative design would have made the product safer[.]

<u>Banks</u>, 450 S.E.2d at 674-675 (emphasis added). Accordingly, the Court finds that the proper cut-off point for determining the "state of the art" is <u>the time the product was manufactured</u>.

In light of the foregoing, and due the fact that Defendant's motion specifically requests the exclusion of "Post-Development Changes in the State of the Art," the motion is **DENIED**.

## Motion In Limine #16 - To Exclude Testimony or Evidence Regarding Manufacturing Defect or Failure to Warn

**GRANTED.**

## Motion in Limine #17 - To Exclude Evidence Regarding Japanese Accord

The Court **DEFERS** ruling on this motion until after the hearing scheduled for 9:00 A.M. on 12 May, 2011 in Courtroom 1 at Augusta, Georgia.

## IV. Conclusion

Upon the foregoing, Plaintiff's motions in limine (Doc. Nos. 247 and 248) are **DENIED**. Defendant's omnibus motion in limine (Doc. No. 265) is **GRANTED IN PART** and **DENIED IN PART** in accordance with this Order, although certain parts of Defendant's motion in limine are either **DEFERRED** or **MOOT**.

**ORDERED ENTERED** at Augusta, Georgia, this 6th day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE